UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICKY L. LEWIS,

                Plaintiff,

    v.

SPECIAL COMMITMENT CENTER, et al.,

                Defendant.

CASE NO. 3:19-CV-5759-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: November 20, 2020

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants Special Commitment Center ("SCC"), David Flynn, Krystal Dykstra, and Byron Eagle's Motion for Summary Judgment ("Motion"). Dkt. 17.

After reviewing the relevant record, the Court concludes Plaintiff Ricky Lewis failed to allege facts sufficient to show Defendants personally participated in the alleged constitutional violations. Further, Plaintiff did not sufficiently rebut the Defendants' evidence which shows their lack of participation in the alleged constitutional violations. Accordingly, the Court recommends the Motion (Dkt. 17) be granted and this case be closed.

**I.   Background**

Plaintiff, a civilly committed detainee held at the SCC, alleges his Eighth and Fourteenth amendment rights were violated by Defendants Flynn, Dykstra, and Eagle, employees of the SCC. Dkt. 7. In the Complaint, Plaintiff asserts he is being forced to live in unsafe conditions, including mold in the showers and ventilation system, fecal matter in his housing unit, and exposure to dangerous and violent residents. *Id*. He also asserts his personal property was taken from him as a form of punishment and discrimination. *Id*.

On May 18, 2020, Defendants filed, and served on Plaintiff, the pending Motion with supporting evidence. Dkt. 17-18. Plaintiff filed his Response and a Declaration in opposition to Defendants' Motion in late May 2020, and Defendants filed a reply on June 12, 2020. Dkts. 20, 21, 23. Plaintiff was given an extension of time to respond to Defendants' Motion until September 14, 2020, but did not file an additional response. *See* Dkt. 24.

**II.   Standard of Review**

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a

material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.     Discussion

Defendants assert they are entitled to summary judgment because (A) Plaintiff has failed to allege Defendants personal participated in any unconstitutional violations of Plaintiff's rights and (B) the evidence fails to create a genuine issue of material fact regarding whether Plaintiff's constitutional rights were violated. Dkt. 17.

A.  <u>Personal Participation</u>

Defendants first assert Plaintiff has failed to state a claim because he has not alleged Defendants personally participated in any alleged violations of Plaintiff's constitutional rights. Dkt. 17, pp. 9-10.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A claim may not be brought on the sole theory that a supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. New*

REPORT AND RECOMMENDATION - 3

*York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must show the individual defendant participated in or directed the alleged harm, or knew of the harm and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Here, the Complaint contains only conclusory allegations that Defendants were responsible for the alleged denial of Plaintiff's constitutional rights. *See* Dkt. 7. Plaintiff states each Defendant "has supervisory authority and responsibility for the administration and operation [of his living unit]" and "directly participated in and exercised reasonably close supervision of the personnel." *Id*. Plaintiff does not explain how each Defendant participated in the alleged unconstitutional violations. Further, Plaintiff does not allege Defendants directed their subordinates to commit the alleged harms. Rather, Plaintiff provides conclusory assertions appearing to allege Defendants are responsible for the alleged harms only because of their supervisory positions. A § 1983 claim cannot be based solely on a supervisor's relationship to his subordinates. Therefore, Plaintiff has not alleged sufficient facts to support the alleged claims raised in the Complaint. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state § 1983 claims).

During the relevant period, Defendant Dykstra was the Program Director of Program Area 1, which included Plaintiff's housing unit – the Alder Unit. Dkt. 18, Dykstra Dec., ¶ 2. In this position, Defendant Dykstra "oversaw supervision of 45 staff members and directly supervised four supervisors as well as the Program Area 1 Secretary." *Id*. Defendant Dykstra stated she received complaints about Alder Unit's cleanliness, but did not oversee the porter/janitorial jobs on the unit. *Id*. at ¶ 13. Rather, the resident porter for the unit is overseen by a vocational supervisor and Defendant Dykstra did not have control over the hiring of the porter positions. *Id*.

REPORT AND RECOMMENDATION - 4

1  Evidence shows non-party Bill Graves determined which resident porters are hired and at what
2  times they clean the units. *Id*. at ¶ 17.
3        Defendant Dykstra also stated that she did not observe any cleanliness issues on the Alder
4  Unit and would not sit down in the unit due to safety concerns, not cleanliness concerns. *Id*. at ¶
5  16. She did not have any personal knowledge of mold in the showers or ventilation system and,
6  after residents reported mold in the Alder Unit, the unit was inspected and Defendant Dykstra
7  was informed no mold was discovered. *Id*. at ¶ 18.
8        In his Declaration in opposition to Defendants' Motion, Plaintiff reiterated that his Eighth
9  and Fourteenth amendment rights were violated. Dkt. 21. Plaintiff specifically asserts Defendant
10 Dykstra "was directly involved" in Plaintiff being placed in the Alder Unit after a verbal
11 altercation. Dkt. 21 at 11. However, Plaintiff concludes this is so without any further support or
12 any explanation as to how Defendant Dykstra was directly involved. Additionally, Plaintiff fails
13 to provide any support or explanation that Defendants Flynn or Eagle, CEOs of the SCC, had any
14 involvement or knowledge of the alleged constitutional violations. *See* Dkt. 7, 19-21.
15 Furthermore, Plaintiff provided no evidence, beyond conclusory allegations contained in his
16 Complaint and Declaration, that Defendants Flynn, Dykstra, or Eagle personally participated in
17 the alleged constitutional violations.
18       The evidence, including Plaintiff's Complaint and Declaration, shows Defendants Flynn,
19 Dykstra, and Eagle held supervisory positions at the SCC during the time of the alleged
20 constitutional violations. *See* Dkt. 7; Dkt. 18, Dykstra Dec. Aside from allegations in his
21 Response and Declaration, Plaintiff has not provided any support that Defendants personally
22 participated in the alleged violations to Plaintiff's constitutional rights. Accordingly, the Court
23 finds the claims alleged in the Complaint should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S.
24 662, 675-84 (2009) (noting no vicarious liability under § 1983); *Henry A. v. Willden*, 678 F.3d

991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability); *Penilton v. Spearman*, 2018 WL 4355919, at *2 (N.D. Cal. Sept. 10, 2018) (quoting *Iqbal*, 556 U.S. at 675-84) ("supervisor defendants are entitled to qualified immunity where the allegations against them are simply 'bald' or 'conclusory' because such allegations do not 'plausibly' establish the supervisors' personal involvement").

### B. Claims on the Merits

Defendants also assert the claims alleged in the Complaint should be dismissed as there is no genuine issue of material fact regarding the alleged constitutional violations. *See* Dkt. 17. The Court finds Plaintiff has failed to show Defendants personally participated in the alleged constitutional violations beyond conclusory allegations in his Response and Declaration. Therefore, the Court recommends this case be dismissed because Plaintiff failed to show Defendants personally participated in the alleged unconstitutional conduct. As such, the Court declines to consider the remaining arguments raised in the Defendants' Motion.

## IV. Improper Defendant

Plaintiff identified the SCC as a defendant in this action. *See* Dkt. 7, p. 1. The SCC is not a proper defendant. Section 1983 applies to the actions of "persons" acting under the color of state law. "Neither states, nor entities that are arms of the state, are 'persons' for purposes of § 1983." *Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the SCC, as an arm of the state, cannot be sued under § 1983. Accordingly, the Court recommends the SCC be dismissed from this action.

### V. Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-1136 (9th Cir. 1987). At the initiation of this case, the Court directed service of the Complaint and did not notify Plaintiff of any potential deficiencies in his Complaint. *See* Docket. However, Defendant's Motion placed Plaintiff on notice of the deficiencies of his Complaint. *See* Dkt. 17, pp. 11-12. Plaintiff did not seek leave to amend his Complaint after Defendants filed the Motion.

Defendants have submitted evidence showing Defendants did not personally participate in any alleged harm to Plaintiff or direct their subordinates to harm Plaintiff. *See* Dkt. 18, Dykstra Dec. Further, Plaintiff failed to show Defendants personally participated in the alleged unconstitutional conduct. Therefore, the Court finds *sua sponte* leave to amend is not warranted in this case. *See Carter v. C.I.R.*, 784 F.3d 1006, 1009 (9th Cir. 1986) (finding the court did not abuse its discretion in failing to grant leave to amend *sua sponte* where the government's motion provided notice to the *pro se* plaintiff and the plaintiff did not seek to amend his petition after the government's motion had been filed); *Bowen v. Chrysler Corp.*, 9 F.3d 1550 (9th Cir. 1993) ("If a non-prisoner pro se plaintiff has adequate notice of the insufficiencies of his complaint, the court need not grant leave to amend sua sponte").

### VI. IFP on Appeal

Plaintiff is proceeding *in forma pauperis* ("IFP") in this case. Dkt. 6. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if he seeks review of an issue that is

"not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, the law is clear that Defendants cannot be liable under the theory of supervisory liability. Plaintiff did not allege facts, nor is there evidence, showing Defendants personally participated in the alleged constitutional violations. As such, the Court recommends Plaintiff's IFP status be revoked for purposes of any appeal.

## VII.   Conclusion

In conclusion, the Court finds Plaintiff failed to show Defendants personally participated in the alleged unconstitutional conduct. The Court finds leave to amend is not warranted. Accordingly, the Court recommends Defendants' Motion for Summary Judgment (Dkt. 17) be granted, Plaintiff's IFP status be revoked for purposes of an appeal, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 20, 2020, as noted in the caption.

Dated this 30th day of October, 2020.

David W. Christel
United States Magistrate Judge